1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9  | Thomas Bartholomew Layden, IV,

10 | Plaintiff,

No. CV 14-02470 PHX DJH (DMF)

**REPORT AND
RECOMMENDATION**

11 | v.

12 | Charles L. Ryan, Corizon Incorporated,
Michael Hegmann, Subodh Shroff, Alison
13 | Scott, Matthew Musson, Richard Pratt,
Kamal Rastogi,
14 |

15 | Defendants.

16

17   **TO THE HONORABLE DIANE J. HUMETEWA:**

18      Before the Court are Plaintiff's motion (Doc. 29) for leave to amend his First

19   Amended Complaint and for leave to docket the Second Amended Complaint (lodged at

20   Doc. 30), Plaintiff's motion (Doc. 36) to supplement his lodged Second Amended

21   Complaint, and Plaintiff's three motions (docketed on May 14, 2015) seeking to

22   supplement his lodged proposed Second Amended Complaint (Doc. 43, Doc. 44, Doc.

23   45).[1]   Because a magistrate judge cannot decide a "matter dispositive of a claim or

24   defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1),

25   Federal Rules of Civil Procedure, the undersigned recommends as follows.

26   _____

27      [1] On May 15, 2015, Defendants docketed a motion for summary judgment (Doc. 46)
     asserting that Plaintiff failed to administratively exhaust his claims against Defendant Scott prior
28   to filing his 42 U.S.C. § 1983 complaint.

## I.      Background

Plaintiff, proceeding *pro se*, filed a prisoner civil rights complaint and an application (Doc. 2) for leave to proceed *in forma pauperis* on November 6, 2014.  In a pre-service screening order (Doc. 14) docketed February 4, 2015, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, denied Plaintiff's six pending motions, and dismissed without prejudice all counts other than Counts Five, Nine, and Eleven, which only Defendants Shroff and Hegmann were ordered to answer.

All the counts against Defendant Corizon were dismissed; the Court concluded: "While Corizon certainly performs a public function...Plaintiff has failed to allege facts to support when, where, how, or even if Corizon has promulgated or endorsed any alleged policy that resulted in a violation of Plaintiff's federal constitutional rights."   (Doc. 14 at 9-10).   Additionally, Plaintiff's claims against Defendants Ryan (Count One, a FTCA claim), Scott (Count Fourteen), and Musson (Count Fifteen), were dismissed because they

> appear[ed] to be framed as claims that they should be liable for the actions of people they supervise. However, there is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability on the supervisor... Plaintiff has not alleged that Defendants Ryan, Scott, or Musson personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendants Ryan, Scott, and Musson, as well as Counts One, Fourteen, and Fifteen.

Doc. 14 at 10.

The Court also dismissed Counts Four and Ten.  Id. at 12 ("Plaintiff's allegations [about his medications] appear to be simply a difference of opinion which … is not sufficient for Eighth Amendment purposes.").  Counts Six and Twelve[2], Count Thirteen[3],

---

[2]

In Counts Six and Twelve, Plaintiff alleges that he received inadequate medical attention for waxy buildup in his ear. While Plaintiff indicates that the buildup affected his hearing and caused an earache, he provides no facts to indicate that failure to clean the buildup and associated earache in less time could have, or

and Counts 14 and 15 were dismissed as well.  Id. at 17.

At the conclusion of the service order, *inter alia*, the Court ordered Defendants Shroff and Hegmann to answer Counts Five, Nine, and Eleven:

> In Counts Five, Nine, and Eleven, Plaintiff alleges that his pain medications were discontinued by Defendants Schroff and Hegman (either individually or in collusion) on August 18, 2014, in response to an "indiscretion" Plaintiff committed on August 6, 2014. Plaintiff alleges that no alternative plan was offered or discussed, and that without his pain medications he is in "continuous" pain. While the Grievance Response attached to the Complaint indicates that as of July 3, 2014, Plaintiff was on several pain medications, the Grievance Response pre-dates the alleged discontinuance of Plaintiff's medications and thus provides no explanation – medical or otherwise – for the alleged discontinuance on August 18. Furthermore, to the extent Plaintiff's medications were discontinued in response to disciplinary "indiscretion," there is no indication that such a discontinuation was predicated on any medical justification. Accordingly, liberally construed, Plaintiff has sufficiently alleged claims against Defendants Schroff and Hegman in Counts Five, Nine, and Eleven, and they will be required to answer those Counts.

Id. at 12-13.

Plaintiff returned service packets for Defendants Hegmann and Shroff to the Court.  On February 19, 2015, before service on Defendants was returned as executed,

---

> reasonably should have, been interpreted by any of the Defendants as posing a substantial risk of serious harm (i.e. permanent hearing impairment). Accordingly, Plaintiff has failed to allege sufficient facts to support a claim against any Defendant for which relief could be granted Counts Six and Twelve, and those Counts will be dismissed.

Doc. 14 at 12.

[3]

> In Count Thirteen, Plaintiff alleges that on August 18, 2014, Defendant Schroff refused to allow Plaintiff to discuss an alleged chest infection. As a result, Plaintiff continues to have a cough and yellow phlegm. Plaintiff has provided no facts to support that this condition should be considered a serious medical need. He has not alleged that he is in any pain from the condition, or that he suffers from any symptoms that would give rise to an inference that he is at substantial risk of serious harm. Accordingly, Plaintiff has failed to allege sufficient facts to support a claim against Defendant Schroff for which relief could be granted in Count Thirteen, and that Count will be dismissed.

Doc. 14 at 12.

Plaintiff docketed a First Amended Complaint (Doc. 17).

Defendant Shroff waived service on or about February 12, 2015 (Doc. 22). Defendant Hegmann was served on or about March 18, 2015 (Doc. 23). Defendant Shroff answered the First Amended Complaint at Doc. 17 on April 1, 2015 (Doc. 25). In a scheduling order docketed April 2, 2015, the Court ordered that any motion to add defendants or further amend the complaint be docketed by June 12, 2015, that discovery be completed by September 4, 2015, and that dispositive motions be filed by October 30, 2015 (Doc. 28).

On April 7, 2015, Plaintiff docketed a motion (Doc. 29) for leave to docket and serve a Second Amended Complaint, which was lodged at Doc. 30. The proposed Second Amended Complaint names as defendants Charles Ryan, Subodh Shroff, Michael Hegmann, Corizon Inc., and Richard Pratt (as "Assistant Medical Director"). Count I alleges an Eighth Amendment claim of deliberate indifference against Defendant Pratt. Plaintiff alleges Defendant Pratt knew Defendants Shroff and Hegmann had stopped Plaintiff's pain medication and that Defendant Pratt failed to act to remedy Plaintiff's pain. Count II alleges that, from August 18, 2014 until December 3, 2014, Defendants Shroff and Hegmann failed to properly treat Plaintiff's pain and neuropathy. Plaintiff alleges he suffered "needless chronic pain" as a result of these Defendants' failure to treat his conditions. Count III alleges Defendants Corizon and Ryan willfully, "totally," and "grossly neglected" Plaintiff's mental health needs from the beginning of 2014 through the present, resulting in several suicide attempts and emotional pain and suffering. Plaintiff alleges that, although he was seen by a "psyche associate," he believes a clinical psychologist should have been available to inmates at the prison's Meadows Unit. Plaintiff alleges that when he spoke to the "psyche associate" and asked to be placed in a "mental health yard," the associate "helped me try to get there" but that this placement was refused. Id.

In his motion (Doc. 36) to supplement the lodged proposed Second Amended Complaint, Plaintiff seeks to add an Eighth Amendment deliberate indifference to serious

medical needs claim against Alison Scott, a nurse supervisor.  In his motion (Doc. 43) to supplement his lodged proposed Second Amended Complaint, Plaintiff further seeks to allege claims against Alison Scott.  Plaintiff alleges that "Ms. Scott had been interfering, delaying, and refusing proper medical care treatment to Plaintiff from 6/12/14 until 12/3/14, maybe sooner."  Plaintiff alleges that he asked to be seen "for ear ache on 6-12-14 and wasn't finally seen and taken care of until (2) months later..."  Plaintiff alleges that the build-up of ear wax caused "his loss of hearing."  Plaintiff alleges that on November 29, 2014, he "submitted an emergency HNR to go to the hospital because of bleeding on my legs from scratching so much from the itching that HNR was never even acknoledged (sic.)."  Plaintiff also asserts that Ms. Scott personally interfered with and delayed his medical treatment.  Plaintiff alleges that he complained "to facility health ADM. Homer who ordered Ms. Scott to let me see the doctor which occurred (sic) on 12-3-14."

In his motion to supplement at Doc. 44, Plaintiff seeks to add claims against a medical care provider, Pam Shields, asserting she was deliberately indifferent to his serious medical needs.

In his "Motion to enter Supliment Complaint in Regards to Joining 2nd Amended Complaint (sic)" at Doc. 45, Plaintiff "moves the Court to admit supliment (sic) complaint on above mentioned case because Plaintiff's first attempt may not have been exhausted properly."  In this motion, Plaintiff alleges claims against Dr. Kamal Rastogi, who, Plaintiff asserts, "deliberately chose to not to treat me for my anxiety disorder which is known to him by me," because Plaintiff was prescribed "less efficacious and easier treatment then appropriate (sic)."

## II.    Standard for granting or denying a motion to amend

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires.  See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  "Courts are free to grant a party leave to amend whenever

'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave are generally granted with 'extreme liberality.'" <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009), <u>citing</u> <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001). However, granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." <u>Thornton v. McClatchy Newspapers, Inc.</u>, 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted). Granting or denying leave to amend is within the Court's discretion. <u>See</u> <u>Mirmehdi v. United States</u>, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile....") (citation omitted).

Additionally, because an amended complaint completely supersedes a previously-filed complaint, rendering the previous complaint non-existent, any claims stated in the prior complaint which are not re-stated in the amended complaint are forfeited. <u>See</u> <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1005 (9th Cir. 2010); <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding the plaintiff's reference to their original and first amended complaints was precluded by the doctrine that an amended pleading supersedes the original pleading).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1), requires dismissal of allegations that fail to state a claim upon which relief can be granted prior to ordering service of an amended complaint on the added defendants. <u>See</u>, <u>e.g.</u>, <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008). Futility of amendment is sufficient to justify denial of a motion for leave to amend. <u>See</u> <u>Gordon v. City of Oakland</u>, 627 F.3d 1092, 1094 (9th Cir. 2010). A proposed amended complaint is futile if it would be immediately "subject to dismissal" pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted, accepting all of the facts alleged as true. <u>See</u> <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998); <u>Riverview Health Inst. LLC v. Medical Mutual of Ohio</u>, 601 F.3d 505, 512 (6th Cir. 2010). In screening complaints, the Court is obliged to liberally construe an incarcerated

*pro se* plaintiff's complaint.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292-93 (1976).

To state a section 1983 claim, a plaintiff "must show (1) that Defendants deprived [him or] her of a right secured by the Constitution or laws of the United States and (2) that, in doing so, Defendants acted under color of state law." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  For a deprivation of a right to be committed under color of law, it "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54 (1982).  A section 1983 claim may be brought against a private party when that party "is a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal quotation omitted).

To state a claim under § 1983 against a private entity performing a traditional public function, however, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F. Supp. 2d 316, 319 (D. Me. 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990..

With regard to a claim that a defendant violated the plaintiff's Eighth Amendment right to be free of cruel and unusual punishment with regard to a prisoner's medical treatment, the plaintiff must show the defendant was "deliberately indifferent" to the plaintiff's "serious medical need."  See, e.g., Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014).  A difference of opinion between the plaintiff and his medical care provider as to the best or most desirable treatment, i.e., a difference of opinion as to his medical treatment, is not actionable. See id., quoting Minneci v. Pollard, 132 S.Ct. 617, 625 (2012).  To support an Eighth Amendment claim, a prisoner does not have to prove that

1   he was completely denied medical care.  E.g., Lopez v. Smith, 203 F.3d 1122, 1132 (9th

2   Cir. 2000).   A failure to competently treat a serious medical condition, even if some

3   treatment is prescribed, may constitute deliberate indifference in a particular case.  See,

4   e.g., Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) ("access to medical

5   staff is meaningless unless that staff is competent and can render competent care"); and

6   deliberate indifference may be shown by a purposeful act or failure to respond to a

7   prisoner's pain or possible medical need.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th

8   Cir. 2006).

9   **III.    Analysis**

10       The Court notes that, as of May 19, 2019, Defendants have not docketed any

11  pleading captioned as a response to any of Plaintiff's motions with regard to amending

12  his complaint or supplements regarding such.  Defendants do discuss these pleadings in

13  their motion seeking to dismiss Plaintiff's claims against Defendant Scott for the failure

14  to exhaust those claims.  See Doc. 40 ("Plaintiff initiated this action on November 6,

15  2014, but he did not exhaust his claims against Scott until April 29, 2015. Plaintiff did

16  timely exhaust his claims against Dr. Shroff and Dr. Hegmann").

17      Before Defendants could respond [to the complaint as ordered], Plaintiff
18      filed a First Amended Complaint on February 19, 2015, in which he named
        as defendants Dr. Shroff, Scott, Ryan, Corizon Jane/John Doe, Richard
19      Pratt, and Dr. Kamal Rastogi. (Doc. 17). The Amended Complaint did not
20      name Dr. Hegmann as a defendant.
        ***
21      Plaintiff alleges that from August 18, 2014 to the present, Scott deliberately
22      kept him from receiving medical care by holding all his Health Needs
        Request forms ("HNRs") that were sent to medical. (Doc. 17 at 6). He
23      contends that Scott told nurses not to process his HNRs and to hold them
        for her. As a result, Plaintiff was not seen on the nurse's line until
24      December 3, 2014. (Id.). Dr. Shroff filed an Answer and affirmative
25      defenses to the Amended Complaint on April 1, 2015. (Doc. 26). As an
        affirmative defense, Dr. Shroff alleged that Plaintiff may have failed to
26      exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).
        (Id. at 7). On April 2, 2015, this Court issued a Scheduling Order providing
27      that any motion seeking dismissal or judgment as a matter of law on
28      Plaintiff's claims based on his failure to exhaust administrative remedies

was due on or before May 15, 2015. (Doc. 28 at 2).

On April 7, 2015, Plaintiff filed a motion for leave to file a Second Amended Complaint, naming Ryan, Dr. Shroff, Dr. Hegmann, Corizon John/Jane Doe, and Pratt as defendants. (Doc. 30). The proposed Second Amended Complaint does not name Scott as a defendant. (See id.). It also does not allege that Dr. Shroff inadequately treated his back pain with Vicodin and ibuprofen after he fell in January 2014. (See id.). On May 14, 2015, Plaintiff filed a motion to amend his Second Amended Complaint to add Scott as a defendant, raising the same claims from the First Amended Complaint. (Doc. 43). Plaintiff admits in this motion that his grievance appeal against Scott is still pending, conceding that he has not exhausted his claims against her. (Id. at 5). Plaintiff also seeks to add a claim against Pam Shields, but he admits he has not filed a grievance appeal against her. (Doc. 44 at 2).

Doc. 40.

### A. Defendant Ryan and Defendant Corizon.

With regard to the claims alleged in Plaintiff's Second Amended Complaint lodged at Doc. 30 as to Defendant Ryan and Defendant Corizon, Plaintiff has not "cured" the deficiencies noted in the Court's service order in either his First Amended Complaint nor in his lodged proposed Second Amended Complaint.  Accordingly, Defendants Corizon and Ryan should not be required to answer the claims against them in the First Amended Complaint.  Because the proposed amendments and Plaintiff's claims against these Defendants stated in the lodged proposed Second Amended Complaint are likewise futile, Plaintiff's motion to amend his complaint should be denied with regard to these Defendants.

### B. Defendant Rastogi.

With regard to his claims against Defendant Rastogi, Plaintiff names Defendant Rastogi in his First Amendment Complaint, but does not name this Defendant in his proposed Second Amended Complaint.  In his pleading at Doc. 45, Plaintiff seeks to "supplement" his lodged Second Amended Complaint to add an Eighth Amendment claim against Dr. Rastogi.

1    The "deliberate indifference" standard requires the plaintiff to show the defendant
2    purposefully acted or failed to respond to a prisoner's serious medical needs, and harm
3    caused by the indifference.  Jett, 439 F.3d at 1096.  A prison official acts with "deliberate
4    indifference . . . only if the [prison official] knows of and disregards an excessive risk to
5    inmate health and safety."  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir.
6    2002) (citation and internal quotation marks omitted).  A "serious medical need exists if
7    the failure to treat a prisoner's condition could result in further significant injury or the
8    unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059
9    (9th Cir. 1992) (internal citation and quotations omitted), overruled on other grounds,
10   WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  "Indifference may
11   appear when prison officials deny, delay or intentionally interfere with medical treatment,
12   or it may be shown in the way in which prison [officials] provide medical care."  Jett, 439
13   F.3d at 1096 (citations and internal quotations marks omitted).  However, the alleged
14   indifference to the prisoner's medical needs must be substantial;  "mere indifference,"
15   negligence, or even an allegation of medical malpractice, are insufficient to state an
16   Eighth Amendment claim.  Lemire v. California Dep't of Corr., 726 F.3d 1062, 1082 (9th
17   Cir. 2013); Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980).

18   In his First Amended Complaint (Doc. 17) Plaintiff asserts Dr. Rastogi
19   "deliberately chose not to treat [Plaintiff's] anxiety disorder that [stemmed] from my
20   severe back pain that wasn't treated."  Plaintiff asserts these symptoms "contributed" to
21   his suicide attempts while in prison.  Plaintiff alleges he was prescribed "busbar," which
22   he asserts is an antihistamine, for these symptoms.

23   With regard to the claims alleged in Plaintiff's First Amended Complaint, Plaintiff
24   has not adequately alleged a claim that Dr. Rastogi was deliberately indifferent to
25   Plaintiff's serious medical needs.  "Buspar" is a medication used to treat symptoms of
26   anxiety, such as fear, tension, irritability and dizziness.  Accordingly, the facts alleged in
27   the First Amended Complaint against Defendant Rastogi indicate Plaintiff was treated for
28   his anxiety disorder.  Plaintiff has failed to state a claim on which relief may be granted,

1    and Defendant Rastogi should not be required to answer the First Amended Complaint.

2          In his pleading at Doc. 45 seeking to further amend his lodged Second Amended

3    Complaint, Plaintiff alleges told the doctor he had previously been treated for an anxiety

4    disorder for which he received "clonipen" (Klonopin is used to control seizures and for

5    the treatment of panic disorder).   Plaintiff asserts that "the only drug that [Dr. Rastogi]

6    would give me is busbar even after I told him I tried it in and out of prison and didn't

7    work at all..."  Plaintiff avers that he has repeatedly requested "treatment that would work

8    and [Dr. Rastogi] refused again, he still only offered busbar."

9          At best, in his proposal to add Dr. Rastogi as a defendant, Plaintiff alleges a claim

10   involving choices between alternative courses of treatment, in which circumstance he

11   must show the chosen course of treatment was medically unacceptable under the

12   circumstances, and was chosen in conscious disregard of an excessive risk to his health.

13   See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Because Plaintiff does not

14   make such a showing, the motion seeking to supplement his lodged Second Amended

15   Complaint to add this defendant should be denied.

16         **C. Defendant Pratt.**

17         Plaintiff did not name Defendant Pratt as a defendant in his original complaint.

18   Plaintiff alleges claims against Defendant Pratt in his First Amended Complaint.

19   Because Plaintiff has not sufficiently alleged a claim that Defendant Pratt himself was

20   deliberately indifferent to Plaintiff's serious medical needs, Defendant Pratt should not be

21   required to answer the First Amended Complaint.  Similarly, Plaintiff has not adequately

22   alleged a claim in his proposed Second Amended Complaint that Defendant Pratt himself

23   was deliberately indifferent to Plaintiff's serious medical needs.  Accordingly, the motion

24   to amend his First Amended Complaint with regard to this Defendant should be denied.

25         **D. Defendant Scott.**

26         Plaintiff seeks to amend his complaint to add claims that Alison Scott was

27   deliberately indifferent to his serious medical needs.  Although those claims might be

28   adequately pled to defeat a Rule 12(b) motion if the Court allowed Plaintiff to assert them

in his lodged Second Amended Complaint, Plaintiff admits he did not exhaust his administrative remedies prior to bringing his claims against Defendant Scott, stating:

> A. there are administrative remedies through the grievances and appeals.
> B. I did submit a request for administrative relief.
> C. I did appeal my relief to the highest level.
> D. A response from the Director of Prisons is coming to the Court covering all the medical problems Ms. Scott caused.   [T]he complaint is at the Directors Level and I am waiting for a response.
> .

Doc. 43 at 5.  A plaintiff's claims must be fully exhausted before the date their complaint asserting these claims is docketed; this is equally true for an amended complaint.  See Cano, 739 F.3d at 1221.  Because it appears Plaintiff has not exhausted his claims against Defendant Scott, amending his complaint to add unexhausted claims against this defendant would be futile and should be denied.

**E.  Defendant Shields.**

With regard to Plaintiff's motion to supplement his lodged proposed Second Amended Complaint at Doc. 44, which seeks to add Pam Shields as a defendant, Plaintiff allows that he has not completely administratively exhausted his claims against this proposed defendant.  Therefore, amendment of the complaint to add this defendant at this time would be futile.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion at Doc. 29, seeking leave to docket the Second Amended Complaint lodged at Doc. 30, be **denied**.  The lodged complaint at Doc. 30 should be **stricken** from the record in this matter.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion (Doc. 36) to supplement his complaint be **denied**.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion (Doc. 43), seeking to supplement the Second Amended Complaint to add Alison Scott as a defendant,  be **denied**.

1    **IT IS FURTHER RECOMMENDED that** Plaintiff's motion (Doc. 44), seeking

2    to supplement his proposed lodged Second Amended Complaint to add Pam Shields as a

3    defendant, be **denied**.

4    **IT IS FURTHER RECOMMENDED that** Plaintiff's motion (Doc. 45), seeking

5    to amend his lodged proposed Second Amended Complaint to add a claim against Dr.

6    Kamal Rastogi, be **denied**.

7    This recommendation is not an order that is immediately appealable to the Ninth

8    Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

9    Appellate Procedure, should not be filed until entry of the District Court's judgment.

10   Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have

11   fourteen (14) days from the date of service of a copy of this recommendation within

12   which to file specific written objections with the Court. Thereafter, the parties have

13   fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2,

14   Local Rules of Civil Procedure for the United States District Court for the District of

15   Arizona, objections to the Report and Recommendation may not exceed seventeen (17)

16   pages in length.

17   Failure to timely file objections to any factual or legal determinations of the

18   Magistrate Judge will be considered a waiver of a party's right to de novo appellate

19   consideration of the issues.  See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th

20   Cir. 2003) (en banc). Failure to timely file objections to any factual or legal

21   determinations of the Magistrate Judge will constitute a waiver of a party's right to

22   appellate review of the findings of fact and conclusions of law in an order or judgment

23   entered pursuant to the recommendation of the Magistrate Judge.

24   Dated this 21st day of May, 2015.

25

26   Honorable Deborah M. Fine

27   United States Magistrate Judge

28