IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Bartholomew Layden,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-14-02470-PHX-DJH<br><br>**ORDER** |

Presently pending before the court is the Report and Recommendation of United States Magistrate Judge Deborah M. Fine ("R & R") (Doc. 54), recommending denial of *pro se* plaintiff Thomas Bartholomew Layden's motion for leave to amend his First Amended Complaint and for leave to docket his lodged Second Amended Complaint[1] (Doc. 29), and denial of his four motions to supplement (Docs. 36, 43, 44 and 45).

**I. Background**

The R & R thoroughly and accurately sets forth the procedural history of this action and the pending motions. *See* R & R (Doc. 54) at 2:1-5:23. The R & R proceeds to set forth the governing legal standards and then analyzes Plaintiff's pending motions in turn. For the most part, the R & R recommends denial of these various motions because

---

[1] Plaintiff did not comply with LRCiv 15.1, requiring that a party who is moving for leave to amend a pleading "must attach a copy of the proposed amended pleading as an exhibit to the motion, . . . must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a).

amendment would be futile. *See*, *e.g.*, R & R (Doc. 54) at 9:18-21; *id*. at 12:10-12.[2]

The R & R was filed and served upon the parties on May 22, 2015. The R & R explicitly advised the parties that, pursuant to Fed.R.Civ.P. 72, they "shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file *specific* written objections with the Court."  R & R (Doc. 54) at 13:10-12 (emphasis added).  The R & R also explicitly advised the parties that "[f]ailure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues." (*Id.* at 13:17-19) (citation omitted).  Within that 14 day time frame, Plaintiff did not file any objections, but he did file a "Motion to Accept Plaintiff's Response to Defendants[3] [sic] Report and Recommendation (Doc. 57) at 1.  The Court construes this as Plaintiff's request for an extension of time in which to file his objections to the R & R.  So construed, the Court deems Plaintiff's Declaration (Doc. 64) and attached exhibits to be his objections to the R & R.  It also will consider these purported objections to be timely, although they were filed outside the 14 day time frame which the R & R permitted.

**II. Analysis**

When reviewing an R & R issued by a Magistrate Judge, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[2] Deeming Plaintiff's motions to be "dispositive[,]"  the Magistrate Judge issued this R & R.  R & R (Doc. 54) at 1:23-25 (quoting Fed.R.Civ.P. 72(b)(1)).  The Court observes that "[g]enerally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D.Ariz. 2012) (internal quotation marks and citations omitted).  However, "[t]here are circumstances, such as [the present case] . . . 'when the denial is specifically premised on futility[,]' that courts have 'view[ed] a magistrate judge's denial of a motion for leave to amend as a dispositive ruling.'"  *See id.* (quoting *JJCO, Inc. v. Isuzu Motors America, Inc.*, 2009 WL 3818247, at *3 (D.Haw. Nov. 12, 2009) (citing cases)).  Interestingly, this "'view is *not* universal[.]'" *Id.* (quoting *JJCO, Inc.*, 2009 WL 3818247, at *3) (emphasis added) (citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir.2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court)).

[3] Plainly Magistrate Judge Fine issued the R & R, not Defendants.

magistrate judge." 28 U.S.C. § 636(b)(1). "Of course, de novo review of a R & R is only required when an objection is made to the R & R[.]" *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (citation omitted); *see also United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)) (emphasis in original) (Section 636(b)(1) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection* is made, but not otherwise.")  That is because "[n]either the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna–Tapia*, 328 F.3d at 1121 (citations omitted);  Indeed, construing the Federal Magistrates Act, the Supreme Court has found that that "statute does *not* on its face *require any review at all*, by either the district court or the court of appeals, *of any issue* that is *not the subject of an objection*." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added). Consistent with the foregoing authority, as explained next, because Plaintiff did not object to any portion of the R & R, the Court is not conducting a de novo review.

     Nowhere in his "declaration," which the Court has deemed to be his objections to the R & R, does Plaintiff even mention the R & R much less identify any "portions" thereof or "specif[y] proposed findings or recommendation[s]" to which he objects. *See* 28 U.S.C. § 636(b)(1) ("A judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made.").  Rather, Plaintiff's 16 page declaration is a detailed recitation of his version of the facts underlying this lawsuit.   Plaintiff attaches two exhibits to his declaration which also do not specifically identify any portions of the R & R to which he objects.   Exhibit A consists of 37 pages of Arizona Department of Corrections Health Needs Requests. Exhibit B, which is 20 pages, primarily consists of what appear to be notations and orders by various health care professionals whom Plaintiff saw on the prison's medical unit and elsewhere.  Because Plaintiff's declaration and accompanying exhibits are wholly void of any objections, much less specific objections, to any part of the R & R, this Court is not

1. required to review the R & R at all. *See Thomas*, 474 U.S., at 149.
2. **III. Conclusion**
3. Accordingly, the Court hereby **ORDERS** that:
4. (1) United States Magistrate Judge Fine's Report and Recommendation (Doc. 54)
5. is **ADOPTED**.
6. (2) Plaintiff's motion seeking leave to docket the Second Amended Complaint
7. (Doc. 29) lodged at Doc. 30 is **DENIED**. The lodged complaint at Doc. 30 should be
8. stricken from the record in this matter.
9. (3) Plaintiff's motion to supplement his complaint (Doc. 36) is **DENIED.**
10. (4) Plaintiff's motion seeking to supplement the Second Amended Complaint to
11. add Alison Scott (Doc. 43) is **DENIED**.
12. (5) Plaintiff's motion seeking to supplement his proposed lodged Second
13. Amended Complaint to add Pam Shields as a defendant (Doc. 44) is **DENIED**.
14. (6) Plaintiff's motion seeking to amend his lodged proposed Second Amended
15. Complaint to add a claim against Dr. Kamal Rastogi (Doc. 45) is **DENIED**.
16. Dated this 27th day of July, 2015.

Honorable Diane J. Humetewa
United States District Judge